**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CHRISTOPHER LEE MCBEE,

    Petitioner,

v.

WARDEN USP ALLENWOOD,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-61

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Christopher McBee ("McBee"), who is currently housed at the Allenwood United States Penitentiary in White Deer, Pennsylvania, filed a letter with the Clerk of Court which was docketed as a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 7), and McBee filed a Response. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that Respondent's Motion be **GRANTED**, McBee's Petition be **DISMISSED**, and this case be **CLOSED**. I also **RECOMMEND** that McBee be **DENIED** *in forma pauperis* status on appeal.

### **BACKGROUND**

McBee pleaded guilty to: bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); use of a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in Case Number 2:95-cr-6 on April 13, 1995. Change of Plea, United States v. Colavito, 2:95-cv-6, (S.D. Ga. Apr. 13, 1995), ECF No. 57. The Court sentenced McBee to 300 months' imprisonment on Count 1; 60 months' imprisonment on Count 2, to be served consecutively with

Count 1; and 60 months' imprisonment on Count 3, to be served concurrently with Counts 1 and 2. J., United States v. Colavito, 2:95-cr-6, (S.D. Ga. June 23, 1995), ECF No. 70. McBee filed a Notice of Appeal, and on May 15, 1997, the Eleventh Circuit Court of Appeals' judgment to affirm McBee's conviction and sentence was issued as a mandate. Mandate, United States v. Colavito, (S.D. Ga. May 15, 1997), ECF No. 100.

McBee then filed an out-of-time motion to vacate, modify, or set aside his sentence pursuant to 28 U.S.C. § 2255 on January 26, 1999. Mot., United States v. Colavito, 2-95-cr-6, (S.D. Ga. Jan. 26, 1999), ECF No. 119. On September 17, 1999, the United States Magistrate Judge recommended dismissal of McBee's motion as having been untimely filed. R.&R., United States v. Colavito, 2:95-cr-6, (S.D. Ga. Sept. 17, 1999), ECF No. 135. The Court adopted this Report and Recommendation as the opinion of the Court, and McBee's motion was dismissed on September 29, 1999. Order, United States v. Colavito, 2:95-cr-6, (S.D. Ga. Sept. 29, 1999), ECF No. 139. The Eleventh Circuit Court of Appeals denied McBee's motion for certificate of appealability on March 21, 2000. Order, United States v. Colavito, 2:95-cr-6, (S.D. Ga. Mar. 21, 2000), ECF No. 148.

McBee then filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) on March 1, 2005. Mot., United States v. Colavito, 2:95-cr-6, (S.D. Ga. Mar. 1, 2005), ECF No. 171. The Magistrate Judge recommended McBee's motion be denied, and the Court adopted this recommendation as the opinion of the Court. R.&R. and Order, United States v. Colavito, 2:95-cr-6, (S.D. Ga. Aug. 8, 2005, and Oct. 6, 2005), ECF Nos. 175, 179.

## DISCUSSION

In his pleading, McBee contends he was sentenced to thirty years in prison despite his "minor role" for the crimes he committed when he was "young, foolish, and very sick[.]"

(Doc. 1, p. 1.)[1] He offers his pleading not as an excuse for his actions, but rather as an explanation and "perhaps a plea for some understanding, compassion, forgiveness[,] and mercy[.]" (Id.) McBee states that, had he been rich and had a real attorney, he would not have received thirty years in prison. McBee seeks a modification of his "outrageous" thirty-year sentence and to be released. (Id. at p. 3.)

Respondent argues McBee is not entitled to relief under Section 2241 because he is not incarcerated in this district. Respondent asserts this Court lacks jurisdiction to entertain McBee's pleading, to the extent he brought this pleading as a motion to vacate, set aside, or correct his sentence pursuant to Section 2255, as it is a second or successive motion. Finally, Respondent alleges McBee is not entitled to relief pursuant to 18 U.S.C. § 3582(c).

**I.      Whether McBee can Proceed Pursuant to Section 2241**

A district court may grant a writ of habeas corpus within its jurisdiction. 28 U.S.C. § 2241(a). In other words, a Section 2241 petition filed "by a federal prisoner must be brought in the district where the inmate is incarcerated." Diaz v. United States, 580 F. App'x 716, 717 (11th Cir. 2014) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443–44 (2004)). The United States Supreme Court has stated that the proper respondent to a habeas petition is the person who has

---

[1] McBee's characterization overlooks the fact that he had a criminal history category of V and the following statements from the Judgment in his criminal proceedings: "The defendant and his codefendants caused extreme psychological injuries to the victims of this offense, specifically, bank tellers Juanita Roberson and Joeanne Beecher. Pursuant to U.S.S.G. § 2K2.3, an additional upward departure of one level is warranted. In this case, both victims have had changes in behavior patterns and have become psychologically impaired in certain situations. The defendant and his codefendants significantly endangered the lives of 20 civilians and several law enforcement officers during the flight from apprehension. During this flight, the defendant's car was traveling at a high rate of speed. The defendants began firing a shotgun and handgun at innocent people who were traveling in the oppo[s]ite direction. The defendants shot and hit six cars. This behavior significantly endangered the public safety and, pursuant to U.S.S.G. § 2C1.2, Application Note Two, and U.S.S.G. § 5K2.14, an upward departure of four levels is warranted. The Court has found that based on the aforementioned reasons for departure, the defendant would have a total offense level of 27 and a criminal history category of V, estab[l]ishing a guideline imprisonment range of 360 months to life." J., United States v. Colavito, 2:95-cr-6, (S.D. Ga. June 23, 1999), ECF No. 70.

custody over the petitioner "with the ability to produce the prisoner's body before the habeas court." Padilla, 542 U.S. at 434–35. The general rule for habeas petitions is that jurisdiction lies solely in the district of confinement. Id. at 443, 124. "Specific to § 2241 petitions, the Court directed that a petitioner seeking to challenge his present physical custody should name his warden as respondent and file the petition in the district of confinement." Diaz, 580 F. App'x at 717 (internal citation omitted). "The Court emphasized that there was not a single case in which it had deviated from the rule that a habeas petitioner challenging his present physical custody was required to name his immediate custodian as respondent and file his petition in the district of his confinement." Id. (citing Padilla at 449–50).

It is undisputed that McBee was incarcerated at the Allenwood United States Penitentiary at the time he filed this pleading (and still is). Thus, this Court lacks jurisdiction pursuant to 28 U.S.C. § 2241 to review McBee's Petition, as he is not incarcerated in this district.

## II. Whether McBee can Proceed Pursuant to Section 2255

McBee attempts to challenge his "outrageous" sentence in this pleading. Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). As noted above, McBee has already filed a Section 2255 motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain[2]— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

---

[2] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(a)(3)(A).

4

would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

McBee has not obtained authorization from the Eleventh Circuit, as required by Section 2255(h), allowing this Court to entertain any putative Section 2255 motion. Consequently, this Court is without jurisdiction to entertain McBee's filing pursuant to Section 2255.

### III. Whether McBee is Entitled to Relief Pursuant to Section 3582(c)

To the extent McBee's pleading can be characterized as being brought pursuant to 18 U.S.C. § 3582(c), he also is not entitled to his requested relief. "'The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.'" United States v. Spaulding, 595 F. App'x 906, 908 (11th Cir. 2014) (quoting United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided

> under section 3142(g);and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[3], upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

McBee does not meet any of the requirements of Section 3582(c). The Bureau of Prisons has not moved for a reduction of McBee's sentence under Section 3582(c)(1)(A); the Government has not filed a Rule 35 motion[4] on McBee's behalf, 18 U.S.C. § 3582(c)(1)(B); and the sentencing range for the crimes to which McBee pleaded guilty has not been lowered, 18 U.S.C. § 3582(c)(2). McBee is not entitled to relief under Section 3582(c).

---

[3] "The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work." 28 U.S.C. § 994(o).

[4] Rule 35 allows for correction of a sentence resulting from an arithmetical, technical, or other clear error within 14 days after sentencing or upon motion of the Government based on a defendant's substantial assistance. Fed. R. Civ. P. 35.

**IV.     Leave to Appeal *In Forma Pauperis***

The Court should also deny McBee leave to appeal *in forma pauperis*. Though McBee has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of McBee's pleading and Respondent's Motion to Dismiss set forth above, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

**CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, (doc. 7), be **GRANTED** and that McBee's pleading docketed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, (doc. 1), be **DISMISSED**, and this case be **CLOSED**. I further **RECOMMEND** that McBee be **DENIED** leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court

is **DIRECTED** to serve a copy of this Report and Recommendation upon McBee and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA